**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRIGGITTA HARDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-2052 (RBW) |
| | ) | |
| MICK DADLINI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT RULE 16.3 STATEMENT

Pursuant to the Court's Order for Initial Scheduling Conference (D.E. 7), Fed. R. Civ. P. 26(f), and LCvR 16.3, counsel for both parties met telephonically on March 1, 2012 and communicated several times thereafter, and conferred with respect to the matters required by the foregoing authorities. In attendance on behalf of Plaintiff was Jennifer Klar of Relman, Dane & Colfax PLLC. In attendance on behalf of Defendants was Sundeep Hora of Alderman, Devorsetz, & Hora PLLC. The parties jointly submit this report setting forth their positions on the matters discussed in the conference.

A. **Statement of the Case**

Pursuant to the Court's Order for Initial Scheduling Conference (D.E. 7), the parties provide the following brief statement of the case and the statutory bases for all causes of action and defenses.

Plaintiff Briggitta Hardin, an African-American woman and then an experienced bartender and Howard University student, alleges that she was subjected to illegal discrimination on the basis of her race by Defendants when she was hired to fill a much-needed bartender position at Redline and then, upon Defendant Dadlani (owner and manager of Redline) learning of her race, immediately terminated and/or denied employment. Plaintiff alleges the discriminatory denial of employment to Ms. Hardin by Redline was part of a broader scheme of discriminatory exclusion of African-Americans perpetrated by Redline and Defendant Dadlani designed to establish Redline as a primarily Caucasian venue. The statutory bases for Plaintiff's causes of action are (1) Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq*.; and (2) the District of Columbia Human Rights Act, D.C. Code § 2-1402.11.

Defendant Red Line, DC ("Red Line") is a "gastropub," situated across the street from the Verizon Center in Chinatown in the District of Columbia. From its inception, Red Line promoted itself as the place to watch sports in an upscale venue with high-end beer and food. Red Line's principal, Mick Dadlani, located Red Line near the Verizon Center and in Chinatown so that it would be accessible to the same diverse crowd that patronizes this neighborhood and the Verizon Center itself. The allegations in the Complaint that Red Line engaged in a "broad scheme" to exclude African Americans from its establishment is patently false. Given that Red Line was (and is) trying to establish itself in a very competitive restaurant business in a diverse metropolitan area, such a scheme would be self-defeating.

With respect to Plaintiff, Defendants do not have a record of her actually being hired by Red Line. Upon information and belief, Plaintiff indicated she would only accept a position as a bartender. A Red Line supervisor informed Plaintiff that she believed that the restaurant had a full cadre of bartenders, but that Plaintiff was welcome to come to the Grand Opening to see if the restaurant needed any additional help behind the bar. After Red Line reaffirmed that there were sufficient bartenders for that day, Plaintiff was told that she would not be needed, but that she was welcome to work as a waitress. Plaintiff declined that opportunity, and Red Line never heard from her after that point until this lawsuit was filed.

**B.     Proposed Schedule**

The parties propose the following schedule.[1]

| | |
|---|---|
| Rule 26(a)(1)(A) Initial Disclosures | 7 days prior to mediation session with Magistrate Judge |
| Deadline for Amending Pleadings or Joining Other Parties | 75 days after discovery opens |
| Proponent's R. 26(a)(2) Statements | 105 days after discovery opens |
| Opponent's R. 26(a)(2) Statements | 135 days after discovery opens |
| All Discovery Closed | 180 days after discovery opens |
| Dispositive Motions Due | 45 days after the close of discovery |
| Oppositions to Dispositive Motions Due | 45 days after dispositive motions due |
| Replies In Support of Due | 21 days after oppositions to dispositive motions due |
| Pretrial Conference | to be determined by the Court |
| Trial | to be determined by the Court |

---

[1] If a deadline falls on a weekend, the due date will be considered to be the next business day.

**C.      Matters Discussed By The Parties Pursuant to LCvR 16.3(c)**

**(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

A dispositive motion has not been filed and therefore discovery is ready to begin.

Plaintiff does not believe that the case is likely to be disposed of by any future dispositive motion.

Defendants believe that this case is likely to be disposed of by dispositive motion and anticipates filing a motion at the conclusion of discovery.

**(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

A proposed date is included in the proposed schedule above.

The parties do not believe that the factual or legal issues can be narrowed any further.

**(3)     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not believe that the case should be assigned to a magistrate judge for all purposes.

**(4)     Whether there is a realistic possibility of settling the case.**

The parties' position, elaborated in item (C)(5) below, is that the parties would benefit from a 30-day mediation period before one of the United States Magistrate Judges prior to the opening of discovery.

**(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

   **(i)      the client's goals in bringing or defending the litigation;**

   **(ii)     whether settlement talks have already occurred and, if so, why they did not produce an agreement;**

   **(iii)    the point during the litigation when ADR would be most appropriate, with special consideration given to:**

    **(aa)**  **whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**

    **(bb)**  **whether ADR should take place before or after the judicial resolution of key legal issues;**

  **(iv)**  **whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**

  **(v)**  **whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

The parties' position is that the parties would benefit from a 30-day mediation period before one of the United States Magistrate Judges prior to the opening of discovery.

The parties ask to be referred to one of the United States Magistrate Judges for a mediation period of 30 days and that discovery open at the close of the mediation period, if a settlement has not been reached.

The parties have agreed that while discovery will not open until the close of the mediation period, the parties will exchange initial disclosures 7 days prior to the agreed-upon mediation date.

In addition, prompt exploration of whether settlement is possible would save substantial costs and fees associated with discovery.

**(6)**  **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

  See the proposed schedule and item (C)(1) above.

**(7)**  **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

  The parties agree that initial disclosures should not be waived or changed.

  See the proposed schedule above.

**(8)**  **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a**

**date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

See proposed schedule above.

The parties agree on a limit of 25 interrogatories and 10 depositions for each side. This represents the default numbers of interrogatories and depositions under Rules 33 and 30 of the Federal Rules of Civil Procedure.

As a protective order is often necessary in employment cases, Plaintiff requests the discussion of any necessary protective order immediately as to not delay Plaintiff's receipt of discovery responses from Defendants. Plaintiff will provide a draft protective order prior to the opening of discovery, in an effort to expedite this process.

Defendants believe a protective order is appropriate in this case and will work with Plaintiff's counsel on a version for the Court's approval.

**(9)** **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

See proposed schedule above.

The parties agree that the requirements should not be modified.

**(10)** **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11)** **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiff opposes Defendants' request to bifurcate discovery. In addition, it is Plaintiff's position that there is no basis for bifurcating any triable issues.

Defendants assert that discovery should be bifurcated as follows: liability and Plaintiff's damages during the discovery period and net worth/punitive damages discovery after resolution of dispositive motions in Plaintiff's favor. With respect to trial, Defendants do not have a position on this issue at this time, however, they reserve the right to move for bifurcated trial at the appropriate time.

**(12)** **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that the court set a date for the pretrial conference after the resolution of post-discovery dispositive motions and set a trial date at the pretrial conference in order to allow for further mediation or settlement discussions after resolution of post-discovery dispositive motions.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the court set a date for the pretrial conference after the resolution of post-discovery dispositive motions and set a trial date at the pretrial conference in order to allow for further mediation or settlement discussions after resolution of post-discovery dispositive motions.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

Respectfully submitted,

/s/ Jennifer I. Klar_____
John P. Relman (D.C. Bar No. 405500)
Jennifer I. Klar (D.C. Bar No. 479629)
RELMAN, DANE & COLFAX PLLC
1225 19th Street, N.W.
Suite 600
Washington, D.C. 20036
T: (202) 728-1888
F: (202) 728-0848
jrelman@relmanlaw.com
jklar@relmanlaw.com

/s/ Emily Read_____
Emily Read (D.C. Bar No. 492773)
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
T: (202) 319-1000
F: (202) 319-1010
Emily_Read@washlaw.org

*Attorneys for Plaintiff*

        \_\_/s/ Sundeep Hora_____
        Sundeep Hora (D.C. Bar No. 472944)
        ALDERMAN, DEVORSETZ & HORA PLLC
        1025 Connecticut Ave., NW, Suite 615
        Washington, DC 20036
        T: (202) 969-8220
        F: (202) 969-8224
        shora@adhlawfirm.com

        *Attorney for Defendants*

Filed:  March 12, 2012